JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Tel (212) 669-0600
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY and HALLMARK CARDS, INCORPORATED, | Case No. 22-cv-1272 |
| Plaintiffs, | |
| - against - | **COMPLAINT** |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., | |
| Defendant. | |

Plaintiffs Continental Insurance Company ("CNA") and Hallmark Cards, Incorporated ("Hallmark"), as and for their Complaint against Defendant MSC Mediterranean Shipping Company S.A. ("MSC"), allege upon information and belief as follows:

1. This subrogation action arises from loss or damage to cargoes transported, or intended to be transported, by ocean carriage from Asia to the United States.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3. The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum selection clauses contained in the

1

operative bills of lading, sea waybills, terms and condition of service, and/or contracts of carriage for the shipments at issue. Defendant MSC has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum selection clauses.

4.     At all times relevant hereto, Plaintiff CNA was and now is a business entity organized and existing under Pennsylvania law, with an office and place of business at 151 North Franklin Street, Chicago, IL 60606.

5.     At all times relevant hereto, Plaintiff CNA was and now is an insurance company that insured the cargoes described in Schedule A (the "Cargoes"), which is annexed hereto and incorporated herein by reference.

6.     At all times relevant hereto, Plaintiff Hallmark was and now is a corporation or other business entity organized and existing by virtue of Missouri law, with an office and place of business at 2501 McGee Trafficway, Kansas City, Missouri, 64108.

7.     At all times relevant hereto, Plaintiff Hallmark was and now is the world's largest great card company.

8.     At all times relevant hereto, Defendant MSC was and now is a corporation or other business entity organized and existing by virtue of foreign law, with an office and place of business at 420 Fifth Avenue, 8th Floor, New York, NY 10018, engaged in business as a common carrier of goods for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

9.     In or about January 2021 at the place of receipt identified in Schedule A, the Cargoes were tendered to and delivered into the custody and/or control of Defendant MSC (and/or its agents, servants, and/or subcontractors) in good order and condition,

and suitable in every respect for the intended transportation, which Defendant MSC received, accepted, and agreed to transport by ocean carriage to destination, for certain consideration, in the shipping containers and under the bills of lading/sea waybills identified in Schedule A.

10. However, on or about February 17, 2021, numerous cargoes and containers fell overboard from the M/V MAERSK EINDHOVEN and were lost at sea in the North Pacific (the "Casualty"), whiles others were physically damaged by the stow collapse, including those identified in Schedule A.

11. Defendant MSC (and/or its agents, servants, and/or subcontractors) thus failed to deliver the Cargoes to destination in the same good order and condition as it was received.

12. By reason of the premises, Defendant MSC (and/or its agents, servants, and/or subcontractors, for whom Defendant MSC is responsible) breached its statutory, contractual, and/or common law duties and obligations as carrier and/or bailee of the Cargoes; was negligent and careless in its handling of the Cargoes; and otherwise is liable for the loss and damage described herein.

13. Following the Casualty, Hallmark submitted an insurance claim to CNA under policy then in full force and effect for the loss of and/or damage to the Cargoes, which Plaintiff CNA paid subject to a deductible, thereby becoming subrogated to all of Hallmark's respective rights, remedies, and claims for relief with respect to the Cargoes to the extent of its payment, including those asserted against Defendant MSC herein.

14. Plaintiffs CNA and Hallmark bring this action on their own behalf and on behalf of all parties who are or may become interested in the Cargoes, as their respective interests may ultimately appear, whether through subrogation or otherwise, and Plaintiffs are entitled to maintain this action.

15. All obligations and conditions precedent to be performed by Plaintiffs, and/or the shipper of the Cargoes have been performed, waived, or otherwise excused by MSC, including the payment of freight.

16. By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $1,165,464.82.

WHEREFORE, Plaintiffs pray:

i. that process be issued against Defendant MSC in due form of law according to the practice of this Honorable Court, citing it to appear and answer the foregoing;

ii. that judgment be entered against Defendant MSC in the amount of $1,165,464.82, together with costs and interest;

iii. for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated: New York, New York
February 15, 2022

HILL RIVKINS LLP,
*Attorneys for Plaintiffs*

By: _____

Justin M. Heilig
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600

**SCHEDULE A**

Container No.: CAIU5465450
Cargo: Plush Toys
Bill of Lading/Sea Waybill: MEDUCC157467
Place of Receipt: Yantian, China
Place of Delivery: Kansas City
Nature of Loss: Non-Delivery

Container No.: TRIU8499780
Cargo: Paper Greeting Cards
Bill of Lading/Sea Waybill: MEDUV3505678
Place of Receipt: Haiphong, Vietnam
Place of Delivery: Kansas City
Nature of Loss: Non-Delivery